Case: 3:03-cv-00510-bbc Document #: 89 Filed: 12/09/04 Page 1 of 20

Document Number: 089
Case Number: 03-C-0510-C
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
12/09/2004 10:35:05 PM CST

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
COURT FILE NO.: 03-CV- 0510 C

Penny Lee Anderson and
Russell D. Anderson, Sr.,

      Plaintiffs,

  -vs-

Trans Union, L.L.C.;
Experian Information Solutions Inc.;
CSC Credit Services, Inc.;
Equifax, Inc. d/b/a Equifax Information Services LLC,

      Defendants.

**SECOND AFFIDAVIT OF JOHN H. GOOLSBY**

John H. Goolsby, Esq., being duly sworn and upon oath, deposes and says as follows:

1. That I am one of the attorneys representing Plaintiffs in the above-entitled matter. I submit this Second Affidavit in opposition to Defendants' Motions for Summary Judgment or Partial Summary Judgment.

2. That attached hereto as Exhibit A is a true and correct copy of the complete Ex. 7 from the deposition of Janice Fogleman.

3. That attached hereto as Exhibit B is a true and correct copy of <u>Sarver v. Experian Information Solutions</u>, No. 04-1423 (7th Cir. Dec. 1, 2004).

FURTHER YOUR AFFIANT SAYETH NOT.

                                  s/John H. Goolsby
                                John H. Goolsby

Subscribed and sworn before me
this 9th day of December, 2004.

    s/Sharon A. McMahon
Notary Public





ASS (313)/Houston, TX)/onb/MP/11-12-02.

NOV 4 4 2002

Nov 2, 2002

To Whom it may concern:

I am writing to dispute something on my husband and I's credit report. I have enclosed a copy of page 2 of a credit report that I received from Evergreen Credit reporting Inc. Cross Country BANK has reported an account closed due to deceased status. I have spoken with Cross Country BANK on a few separate occasions and they promised they would take care of this. It has been on our credit report for a few years. I am unsure why they reported info of this sort because both I and my husband are very much alive. We still have an open credit card with Cross Country BANK. I am also enclosing 2 credit denials due to this adverse information on our credit report. This is only 2 of many. I am asking that the deceased status be removed off our credit report.

Thanks much, Penny Lee Anderson
Russell D. Anderson Sr.

Daytime phone:
715-246-2213

CSC231

```
Page Two                                                              Reference number :    2-02030-3792438-72
                                                                      Membership number:


Account Name/Number/Type of Account
Credit Bureau  Date    High/    Mchly    Account    Last   Account  Past    Last    Past Due   Hist
(Id) Bur Code  Open    Limit    Pymt     Balance    Rptd   Status   Due Amt Delnq   30 60 90+  Date   Historical Acct Status
-------------------------------------------------------------------------------------------------------------------------------

BANK OF NEW RICHMOND /40699520128XXXX REAL ESTATE
(01) EFX    J  12-01   23000    251     22000      07-02   CURRENT                  00 00 00   07-02  111111
(02) XPN    J  20-01   22700    251     22342      07-02   CURRENT                  00 00 00   07-02  11111111
(03) TUC    J  12-01   22774    251     22342      07-02   CURRENT                  00 00 00   07-02  11111111
   COMMENTS: EFX: HOME IMPROVEMENT LOAN. XPN: CURRENT ACCOUNT.

CAPITAL ONE BANK /41217415XXXX REVOLVING
(01) EFX    I  01-99   1253             N/A  CLOSED 02-02  CURRENT                  00 00 00   02-02  111111111111111111111111
(02) XPN    I  01-99   1200             N/A  CLOSED 02-02  CURRENT                  00 00 00   02-02  111111111111111111111111
(03) TUC    I  01-99   1253             N/A  CLOSED 02-02  UNRATED                  00 00 00   02-02  -11111111111
   COMMENTS: EFX: CLOSED. XPN: CLOSED BY CONSUMER. XPN: CLOSED.
             TUC: CREDIT LINE CLOSED.

CROSS COUNTRY BANK /42270974XXXX REVOLVING
(01) EFX    U  04-99   N/A              N/A        N/A     08-02   UNRATED          00 00 00   08-02  --
(02) XPN    T  04-99   1900     44      1453       05-02   UNRATED                  00 00 00   05-02  -11111111111111111111
(03) TUC    U  04-99   1959     54      1770       07-02   CURRENT                  00 00 00   07-02  111111111111
   COMMENTS: EFX: CONSUMER DECEASED. XPN: CONSUMER DECEASED.
             TUC: CONSUMER DECEASED.

CROSS COUNTRY BANK /54149070XXXX REVOLVING
(01) EFX    J  04-99   500              N/A        N/A     04-99   CURRENT          00 00 00   04-99  1
(02) XPN    T  04-99   1900     53      1757       08-01   UNRATED                  00 00 00   08-01  -1111111111111111111111
   COMMENTS: XPN: CONSUMER DECEASED.

CROSS COUNTRY BANK /42270972XXXX REVOLVING
(01) EFX    I  06-98   4300             N/A  CLOSED 07-02  CURRENT                  00 00 00   07-02  111111111111111111111
(02) XPN    I  05-98   4300             N/A  CLOSED 08-02  CURRENT                  00 00 00   08-02  11111111111111111111111
(03) TUC    I  05-98   4166             N/A  CLOSED 07-02  UNRATED                  00 00 00   01-02  -11111111111
   COMMENTS: EFX: CLOSED. XPN: CLOSED BY CONSUMER. XPN: CLOSED.
             TUC: CREDIT LINE CLOSED.

FORD MOTOR CREDIT CORP /JHA218XXXX INSTALLMENT
(01) EFX    J  06-99   21000    351     8775       05-02   CURRENT                  00 00 00   05-02  111111111111111111111111
(02) XPN    J  06-99   21000    351     8073       07-02   CURRENT                  00 00 00   07-02  111111111111111111111111
(03) TUC    J  06-99   21060    351     8073       07-02   CURRENT                  00 00 00   07-02  111-11111111
   COMMENTS: EFX: AUTO LOAN. XPN: CURRENT ACCOUNT.

FRD MOTOR CR /SBA361XXXX INSTALLMENT
(01) EFX    J  11-00   17000    283     12000      05-02   CURRENT                  00 00 00   05-02  111111111111111111
(02) XPN    J  11-00   16900    283     11331      07-02   CURRENT                  00 00 00   07-02  111111111111111111
(03) TUC    J  11-00   16996    283     11331      07-02   CURRENT                  00 00 00   07-02  111-11111111
   COMMENTS: EFX: AUTO LOAN. XPN: CURRENT ACCOUNT.

KEYBANK USA, NA - ASF /51XXXX INSTALLMENT
(01) EFX    C  08-95   21000    357     -0-        02-00   CURRENT                  00 00 00   02-00  111111111111111111111111
(02) XPN    S  08-95   21400    N/A  CLOSED 06-99  CURRENT                          00 00 00   06-99  111111111111111111111111
(03) TUC    C  08-95   21468    357  CLOSED 01-00  UNRATED                          00 00 00   05-99  ---------111
   COMMENTS: EFX: AUTO LOAN. XPN: CLOSED. TUC: CLOSED.

LSCF/3RDPRTY /1589006XXXX INSTALLMENT
(01) EFX    I  03-01   2625     51      609        07-02   CURRENT                  00 00 00   07-02  11111111111111
(03) TUC    I  03-01   2625     62      658        06-02   CURRENT                  00 00 00   06-02  11111111-111

LSCF/3RDPRTY /1589006XXXX INSTALLMENT
(01) EFX    I  03-01   2000     26      289        07-02   CURRENT                  00 00 00   07-02  11111111111111
(03) TUC    I  03-01   2000     29      313        06-02   CURRENT                  00 00 00   06-02  11111111-111
```

Continued on page Three

CSC232

American Express Centurion Bank
PO Box 31525
Salt Lake City, UT 84131



Russell D Anderson Sr
1614 Wildwood Avenue
New Richmond, WI 54017-2400

August 19, 2002

Reference: 2002230 60 00754 USD

Dear Russell D Anderson Sr:

Thank you for your interest in *Blue* from American Express. At this time, we are unable to open an account for you.

Your application was processed using a credit scoring system which assigns numerical values to the various pieces of information we consider in evaluating your application. Your application did not score enough points to qualify for an account at this time for the following reasons:

    Risk score not available due to report of deceased status.

Our credit decision was based in whole or in part on information obtained in a report from the consumer reporting agency listed in this letter. You have a right under the Fair Credit Reporting Act to obtain a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. If you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency. Please understand that the reporting agency played no part in our decision and cannot supply you with specific reasons why we denied credit to you.

An important notice concerning your rights is included.

Thank you for your interest in our service.

Sincerely,

*Donna Potts*

Donna Potts
New Accounts Department

DP/ag

UGNEUGNU0001001

CSC233

**Card Services**

Penny L Anderson
1614 Hallewood Blvd
New Richmond, WI  54017

July 05, 2002
Reference No.  M7060864217

Dear Penny L Anderson:

Thank you for replying to our bankcard offer. Unfortunately, we cannot establish a credit card account for you at this time. Our decision was based on the following reasons:

- Insufficient Credit History

In reaching our decision, we relied on information contained in the consumer credit report of the first person named above from the consumer reporting agency:

Equifax Credit Information Services
1140 Hammond Drive, BLDG E Suite 5200
Atlanta, GA  30328
(800) 685-1111

Trans Union Consumer Relations Dept
2 Baldwin Place, P O Box 1000
Crum Lynne, PA  19022
(800) 888-4213

The consumer reporting agency did not make the credit decision and 's unable to provide you with the specific reasons for our decision.

Please contact the credit reporting agency for specific instructions for obtaining a copy of your consumer credit report. You have the right to receive a free copy of your consumer credit report if you provide them with a copy of this letter within 60 days. You have the right to dispute the accuracy of any informaton in your report using the dispute resolution procedures accompanying your report.

Although we are unable to comply with your request, we appreciate your interest in our credit card program.

Sincerely,

Bryan Wallace
Vice President
Bank of America
(302) 741-1825

SEE OTHER SIDE FOR IMPORTANT INFORMATION

EDP-9356A 1-94 (Reprint 7-99)    181485:08  M7060864217  040       231    BA08-N

CSC234

```
***************************************************************************
ANDERSON, RUSSELL, D, SR    SINCE 07/31/1988   FAD 12/20/2002
1614 WILDWOOD, AVE, NEW RICHMOND, WI, 54017, TAPE RPTD 12/2000  (715) 246-2213
1380 HERITAGE, DR APT 17, NEW RICHMOND, WI, 54017, CRT RPTD 04/2000
13 BATCHELDER, AVE, MANCHESTER, NH, 03103, CRT RPTD 09/1999
 BDS-09/05/1960 SSS-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
-----------------------------------------------------------------------------
Consumer Referral Location-313
   REGION 613 CSC CREDIT SERVICES
   EL PASO TX 79998-1221 800/392-7816                    PO BOX 981221
-----------------------------------------------------------------------------
***************************************************************************
01 ES-, DELTA AIR LINES, ,
***************************************************************************
SUM-07/1992-12/2002, PR/OI-YES, FB-NO, ACCTS:16, HC-$  306- 170K, 1-ZERO,
         15-ONE

PUBLIC RECORDS OR OTHER INFORMATION
02 02/2000 COLL 02/1998 456YC00284 FOR AMERY REGIONAL, $    109, 02/2000 PAID
       BAL-02/2000  BAL- $      0, DLA: 05/1997, I, 896966
     6 YEAR 11 MONTHS UPDATE FREEZE

INQS-SUBJECT SHOWS    9 INQUIRIES SINCE 09/2002
   EU 401ZB02533        WELLS FARGO HOME MOR    12/09/2002  -FI
   EU 401ZB02533        WELLS FARGO HOME MOR    12/03/2002  -FI
   ACIS 233309136       914AA00415              11/29/2002  -FI
   AR 850BB24906                                11/23/2002  -FI
   PRM 682FM28517                               10/17/2002  -FI
   AR 491FM98970                                10/14/2002  -FI
   AR 103FM11640                                10/11/2002  -FI
   AR 850BB24906                                09/27/2002  -FI
   PRM 850BB01498                               06/13/2002  -FI
   PRM 404ON01216                               06/06/2002  -FI
   PRM 850BB01498                               05/06/2002  -FI
   PRM 850BB01498                               04/19/2002  -FI
   AR 103FM11640                                04/18/2002  -FI
   AR 850BB24906                                03/22/2002  -FI
   PRM 850BB01498                               03/14/2002  -FI
   AR 850BB24906                                02/22/2002  -FI
   AR 850BB24906                                01/28/2002  -FI
   AR 850BB24906                                01/19/2002  -FI
   AR 491FM98970                                01/09/2002  -FI
   EU 146ZB13616        2401 CENTENNIAL MTG     03/20/2001  -FI
   EU 616ZB04898        144 WF HOME MORTGAGE    03/14/2001  -FI
   EU 146ZB13616        2401 CENTENNIAL MTG     02/01/2001  -FI
   CSC CONSUMER REINVES 914AA00381   12/20/2002
   AMERICAN EXPRESS TRS 190ON01836   08/18/2002
   STILLWATER FORD      613AN16404   08/07/2002
   TOUSLEY FORD INC     613AN00604   08/05/2002
   WELLS FARGO          491FM06356   03/20/2001
   CENTENNIAL MRTG & FU 234FM31033   02/02/2001

*   FIRM                   RPTD   OPND    H/C TRM   BAL P/D CS MR ECOA
ABN AMRO MORTGAGE GR * 06/2001 10/2000 166K  1K     0   I1  5  J  DLA 05/2001
       REAL ESTATE MORTGAGE                         ACCT#    3300612148152
       FHA MORTGAGE
BANK OF AMERICA       * 02/1997 12/1994  22K  365   0   I1 25  T  DLA 02/1997
       ACCOUNT TRANSFERRED OR SOLD                  ACCT#    4357-47148733
```

CSC235

```
CAPITAL ONE              * 11/2002 06/2002  522    7    7        R1  5  I   DLA 11/2002
        CREDIT CARD                                       ACCT#     5178052225214101
CAPITAL ONE              * 03/2002 08/2001  306
                                                   0        R1  7  I   DLA 03/2002
        ACCOUNT CLOSED AT CONSUMER'S REQUEST.              ACCT#     5291152036192272
        PAID ACCOUNT/ZERO BALANCE
CROSS COUNTRY BANK       * 04/1999 04/1999  500
                                                            R0        J   DLA 04/1999
        CREDIT CARD                                       ACCT#     5414907091163282
        AMOUNT IN H/C COLUMN IS CREDIT LIMIT
FMC-OMAHA SERVICE CT * 11/2002 06/1999 21K 351     0        I1 41  J   DLA 08/2002
        AUTO                                              ACCT#         JHA2183DN0
FMC-OMAHA SERVICE CT * 11/2002 11/2000 17K 283    10K       I1 24  J   DLA 11/2002
        AUTO                                              ACCT#         EBA36121R7
FMC-OMAHA SERVICE CT * 11/2002 08/2002 27K 456    26K       I1  3  J   DLA 11/2002
        AUTO                                              ACCT#         EBA156G71Y
KEY BANK USA, NA-ASF * 02/2000 08/1995 21K 357     0        I1 52  M   DLA 02/2000
        PAID ACCOUNT/ZERO BALANCE                         ACCT#             516497
        AUTO
NELNET LOAN SERVICES * 11/2002 09/1996 18K 228    20K       I1 74  I   DLA 11/2002
        STUDENT LOAN                                      ACCT#        39478472001
        PAYMENT DEFERRED.
NELNET LOAN SERVICES * 12/1996 07/1992 2625 74M    0        I1 44  I   DLA 10/1996
        STUDENT LOAN                                      ACCT#        39478472001
        REFINANCED
NORTHWEST AIRLINES C * 12/2002 09/2002 25K 315    25K       I1  2  J   DLA 12/2002
        SECURED LOAN                                      ACCT#           13539774
S & C BANK               * 10/2002 12/2001 23K 251  0       I1  9  J   DLA 09/2002
        HOME IMPROVEMENT LOAN                             ACCT#      406995201287126
WELLS FARGO FIN ACCE * 04/2000 12/1994 22K 365     0        I1  8  I   DLA 11/1999
        PAID ACCOUNT/ZERO BALANCE                         ACCT#       9565-14815119
WELLS FARGO FINANCIA * 10/2002 07/2001 1500      991        R1 14  J   DLA 10/2002
        CHARGE                                            ACCT#        196-28428475
        AMOUNT IN H/C COLUMN IS CREDIT LIMIT
WELLS FARGO HOME MOR * 11/2002 05/2001 170K 1K  165K        I1 16  J   DLA 11/2002
        REAL ESTATE MORTGAGE                              ACCT#          4728571702
        FHA MORTGAGE
*********          End Of ACRO FILE          *********
```

CSC236

```
-------------------------------Confirmation Screen-------------------------------
Mailing Address
RUSSELL D ANDERSON SR                                    ACRO Queue 08
1614 Hallewood Blvd
New Richmond WI 54017-2400

Form Selected
Revised Copy                              Copies    Delivery Method
                                            01      Normal Delivery
No billing transaction will be performed.

No answer paragraphs were chosen




            Order Form              Edit Data                  Abort Form
---------------------------------------------------------------------------------
```

CSC237

RUSSELL D ANDERSON SR
1614 Hallewood Blvd
New Richmond WI 54017-2400


Dear Customer,


Please find enclosed the results of your request for CSC to reinvestigate certai
elements of your CSC credit file.  Our investigation has now been completed.


APPLIED CARD SYSTEMS           Account Number:       4227097484406736
P.O. BOX 15414
WILMINGTON DE 19850

    THIS ITEM HAS BEEN DELETED FROM THE CREDIT FILE.

Thank you for giving CSC Credit Services the opportunity to serve you.


                                    CSC Credit Services
                                    P.O. Box 981222
                                    El Paso, TX 79998-1222
                                    1-888-463-3319



Explanation of Reinvestigation Process:

    When re-investigating disputed information, CSC's procedure is to contact t
    source of the information directly, either by an automated reverification s
    by letter or by telephone.  Upon receipt of your request, we will provide y
    the company name and the address of the source(s) contacted.  In addition,
    telephone number will be provided when available.

    If the results of the re-investigation indicate that the source continues t
    the information you disputed, you have the right to contact the creditor di
    or request us to include a notation regarding the disputed information.  Yo
    also submit a brief statement to CSC that will be included at the end of al
    subsequent credit reports which may serve as an explanation of any informat
    dispute.

    PLEASE NOTE: If the re-investigation results in changing or deleting the
    information, you may request an updated credit report be sent to any credit
    that received your credit report in the past six months (twelve months for
    York and Maryland) and/or any company which received your credit report in
    last two years for employment purposes

    Please see the enclosed documents for a summary of your rights under the Fa
    Credit Reporting Act, as amended

CSC238

Form    20021220-135251-13--D59-233309136  394784720          - 1 -

CSC239

TEAM ID : 27B

ACRO MAINTENANCE TRANSACTION SUMMARY

Page:       1
Date:    12/20/2002
Control: #233309136

Date Received: 11/25/2002
Disclosure Type: Mail
Priority Type: Other

PG NM- ANDERSON,RUSSELL,D,SR,,
PL NM- ANDERSON,RUSSELL,D,SR,,
PRO ID- 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,09/05/1960,,
Comments-CSMD021125026602A ,D73,11/29/02
Maintenance Action: No Action on This Segment
Consumer Comments-

PG CA- 1614,WILDWOOD,AVE,NEW RICHMOND,WI,54017,   ,,715-246-2213,
PL CA- 1614,WILDWOOD,AVE,NEW RICHMOND,WI,54017,   ,,    ,
Comments-
Maintenance Action: No Action on This Segment
Consumer Comments-

PG FA- 1380,HERITAGE,DR APT 17,NEW RICHMOND,WI,54017,   ,,    ,
PL FA-        ,         ,         ,        ,  ,     ,   ,,    ,
Comments-
Maintenance Action: No Action on This Segment
Consumer Comments-

PG F2- 13,BATCHELDER,AVE,MANCHESTER,NH,03103,   ,,    ,
PL F2-   ,          ,   ,          ,  ,     ,   ,,    ,
Comments-
Maintenance Action: No Action on This Segment
Consumer Comments-

CSC240

ACRO MAINTENANCE TRANSACTION SUMMARY

TEAM ID : 27B

Page: 2
Date: 12/20/2002
Control: #233309136

ANDERSON, RUSSELL       SSN: 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
Disclosure Type: Mail
Security Type: Other

R ES , DELTA AIR LINES,, , , ,,
Comments-
Maintenance Action: No Action on This Segment
Consumer Comments-

R TC- 11/2002, CROSS COUNTRY BANK    , E,  -  -  ,  ,  , ,04/1999,002-233,           ,11/2002,   4227097484406736.
ES TC-           , CROSS COUNTRY BANK   ,NR,  -  -  , , , ,        ,        ,           ,        ,   4227097484406736.
R TH-       ,                   ,   ,   ,   ,  ,  ,  ,        ,        ,           ,        ,
Comments-INACCURATE INFORMATION. NEED COMPLETE ID/ACCOUNT INFORMATION ,D73,11/29/02
        CONS CLAIM NO DECEASED ,D73,11/29/02
        *AGED/NO RESPONSE ,C56,12/20/02
Maintenance Action: UPDATE This Segment
Consumer Comments-
THIS ITEM HAS BEEN DELETED FROM THE CREDIT FILE.,C56,12/20/02
Credit Grantor Response: UPDATE per Credit Grantor

CSC241

# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 04-1423

LLOYD SARVER,

              *Plaintiff-Appellant*,

     v.

EXPERIAN INFORMATION SOLUTIONS,

              *Defendant-Appellee*.

_____

Appeal from the United States District Court for
the Northern District of Illinois, Eastern Division.
No. 02 C 7825—**Elaine E. Bucklo**, *Judge.*

_____

ARGUED SEPTEMBER 29, 2004—DECIDED DECEMBER 1, 2004

_____

Before CUDAHY, RIPPLE, and EVANS, *Circuit Judges.*

EVANS, *Circuit Judge.* Lloyd Sarver appeals from an order granting summary judgment to Experian Information Solutions, Inc., a credit reporting company, on his claim under the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 *et seq.*

Experian reported inaccurate information on Sarver's credit report, which on August 2, 2002, caused the Monogram Bank of Georgia to deny him credit. Monogram cited the Experian credit report and particularly a reference to a

Exhibit B

2                                                              No. 04-1423

bankruptcy which appeared on the report. Both before and after Monogram denied him credit, Sarver asked for a copy of his credit report. He received copies both times and both reports showed that accounts with Cross Country Bank were listed as having been "involved in bankruptcy." No other accounts had that notation, although other accounts had significant problems. A Bank One installment account had a balance past due 180 days, and another company, Providian, had written off $3,099 on a revolving account.

On August 29, 2002, Sarver wrote Experian informing it that the bankruptcy notation was inaccurate[1] and asking that it be removed from his report. Sarver provided his full name and address but no other identifying information. On September 11, Experian sent Sarver a letter requesting further information, including his Social Security number, before it could begin an investigation. Sarver did not provide the information, but instead filed the present lawsuit, which resulted in summary judgment for Experian. It was later confirmed that the notation on the Cross Country Bank account was inaccurate and, as it turned out, another Lloyd Sarver was the culprit on that account.

In this appeal from the judgment dismissing his case, Sarver claims summary judgment was improper because issues of fact exist as to whether Experian violated FCRA, §§ 1681i and 1681e(b). We review a grant of summary judgment *de novo. Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). A nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no

---

[1] Although no one disputes that our Lloyd Sarver never filed for bankruptcy, a "Lloyd Sarver" did so in 1997 in the United States Bankruptcy Court for the Middle District of Pennsylvania.

No. 04-1423 3

'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (citations omitted).

Section 1681i requires a credit reporting agency to reinvestigate items on a credit report when a consumer disputes the validity of those items. An agency can terminate a reinvestigation if it determines the complaint is frivolous, "including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information." § 1681i(a)(3). We do not need to decide whether Sarver's failure to provide the information Experian requested rendered his complaint frivolous; his claim under § 1681i(a) fails for another reason, a lack of evidence of damages. In order to prevail on his claims, Sarver must show that he suffered damages as a result of the inaccurate information. As we have said in *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 664 (7th Cir. 2001):

> Without a causal relation between the violation of the statute and the loss of credit, or some other harm, a plaintiff cannot obtain an award of "actual damages."

On this point, the district court concluded that there were no damages. Our review of the record leads us to agree.

Sarver, however, disagrees and claims that he suffered damages when he was denied credit from Monogram Bank of Georgia on August 2, 2002. This letter cannot be a basis for his damage claim, however, because as of August 2, Experian had no notice of any inaccuracies in the report. Even though Sarver asked for a copy of his report on July 18, he did not notify Experian of a problem until a month and a half later. Experian must be notified of an error before it is required to reinvestigate. As we have made clear, the FCRA is not a strict liability statute. *Henson v. CSC Credit Servs.*, 29 F.3d 280 (7th Cir. 1994).

Sarver also does not show that he suffered pecuniary damages between August 29 (when he notified Experian of

4                                                                      No. 04-1423

the error) and February 20, 2003 (when the Cross Country account was removed from his file). He does not claim that he applied for credit during that time period or that a third party looked at his report. In addition, his claim for emotional distress fails. We have maintained a strict standard for a finding of emotional damage "because they are so easy to manufacture." *Aiello v. Providian Fin. Corp.*, 239 F.3d 876, 880 (7th Cir. 2001). We have required that when "the injured party's own testimony is the only proof of emotional damages, he must explain the circumstances of his injury in reasonable detail; he cannot rely on mere conclusory statements." *Denius v. Dunlap*, 330 F.3d 919, 929 (7th Cir. 2003). Finally, to obtain statutory damages under FCRA § 1681n(a), Sarver must show that Experian willfully violated the Act. There is similarly no evidence of willfulness. Summary judgment was properly granted on this claim.

We turn to Sarver's claim under § 1683(b), which requires that a credit reporting agency follow "reasonable procedures to assure maximum possible accuracy" when it prepares a credit report. The reasonableness of a reporting agency's procedures is normally a question for trial unless the reasonableness or unreasonableness of the procedures is beyond question. *Crabell*, 259 F.3d at 663. However, to state a claim under the statute,

> a consumer must sufficiently allege "that a credit reporting agency prepared a report containing 'inaccurate' information." *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991). However, the credit reporting agency is not automatically liable even if the consumer proves that it prepared an inaccurate credit report because the FCRA "does not make reporting agencies strictly liable for all inaccuracies." *Id.* A credit reporting agency is not liable under the FCRA if it followed "reasonable procedures to assure maximum possible accuracy," but nonetheless reported inaccurate information in the consumer's credit report.

No. 04-1423                                                    5

*Henson*, 29 F.3d at 284. The Commentary of the Federal Trade Commission to the FCRA, 16 C.F.R. pt. 600, app., section 607 at 3.A, states that the section does not hold a reporting agency responsible where an item of information, received from a source that it reasonably believes is reputable, turns out to be inaccurate unless the agency receives notice of systemic problems with its procedures.

Experian has provided an account of its procedures. The affidavit of David Browne, Experian's compliance manager, explains that the company gathers credit information originated by approximately 40,000 sources. The information is stored in a complex system of national databases, containing approximately 200 million names and addresses and some 2.6 billion trade lines, which include information about consumer accounts, judgments, etc. The company processes over 50 million updates to trade information each day. Lenders report millions of accounts to Experian daily; they provide identifying information, including address, social security number, and date of birth. The identifying information is used to link the credit items to the appropriate consumer. Mr. Browne also notes that Experian's computer system does not store complete credit reports, but rather stores the individual items of credit information linked to identifying information. The credit report is generated at the time an inquiry for it is received.

One can easily see how, even with safeguards in place, mistakes can happen. But given the complexity of the system and the volume of information involved, a mistake does not render the procedures unreasonable. In his attempt to show that Experian's procedures are unreasonable, Sarver argues that someone should have noticed that only the Cross Country accounts were shown to have been involved in bankruptcy. That anomaly should have alerted Experian, Sarver says, to the fact that the report was inaccurate. What Sarver is asking, then, is that each computer-generated report be examined for anomalous information and,

6                                                           No. 04-1423

if it is found, an investigation be launched. In the absence of notice of prevalent unreliable information from a reporting lender, which would put Experian on notice that problems exist, we cannot find that such a requirement to investigate would be reasonable given the enormous volume of information Experian processes daily.

We found in *Hensen* that a consumer reporting agency was not liable, as a matter of law, for reporting information from a judgment docket unless there was prior notice from the consumer that the information might be inaccurate. We said that a

> contrary rule of law would require credit reporting agencies to go beyond the face of numerous court records to determine whether they correctly report the outcome of the underlying action. Such a rule would also require credit reporting agencies to engage in background research which would substantially increase the cost of their services. In turn, they would be forced to pass on the increased costs to their customers and ultimately to the individual consumer.

*Hensen*, 29 F.3d at 285. The same could be said for records from financial institutions. As we said, in his affidavit Mr. Browne proclaims, and there is nothing in the record to make us doubt his statement, that lenders report many millions of accounts to Experian daily. Sarver's report, dated August 26, 2002, contains entries from six different lenders. The increased cost to Experian to examine each of these entries individually would be enormous. We find that as a matter of law there is nothing in this record to show that Experian's procedures are unreasonable.

Accordingly, we AFFIRM the judgment of the district court.

**No. 04-1423** 7

**A true Copy:**

    **Teste:**

                       _____
                       *Clerk of the United States Court of*
                          *Appeals for the Seventh Circuit*