Document Number Case Number
03–C–0510–C
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
12/20/2004 04:27:48 PM CST

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN
## COURT FILE NO.: 03-CV- 0510 C

Penny Lee Anderson and
Russell D. Anderson, Sr.,


                Plaintiffs,


     -vs-                         **AFFIDAVIT OF JOHN H. GOOLSBY**


Trans Union, L.L.C.;
Experian Information Solutions Inc.;
CSC Credit Services, Inc.;
Equifax, Inc. d/b/a Equifax Information Services
LLC,

                Defendants.

John H. Goolsby, Esq., being duly sworn and upon oath, deposes and says as follows:

1. That I am one of the attorneys representing Plaintiffs in the above-entitled matter. I submit this Affidavit in Support of Plaintiffs' Rule 60 Motion to Amend Second Amended Summary Judgment Briefing Order.

2. That attached hereto as Exhibit A is a true and correct copy of Stevens v. Brookdale Dodge, Inc., Civ. No. 00-2632 (D. Minn. 2004).

FURTHER YOUR AFFIANT SAYETH NOT.

                          s/John H. Goolsby
                         John H. Goolsby

Subscribed and sworn before me
this 20th day of December, 2004.


       s/Sue Wolsfeld
Notary Public

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**CHERITYLEE ANN STEVENS and**
**DAVID MATTHEW STEVENS, on**
**behalf of themselves and all others**
**similarly situated,**

> Plaintiffs,

> v.

**BROOKDALE DODGE, INC.,**

> Defendant.

Civil No. 00-2632 (JNE/JGL)

**O R D E R**

---

**BRIAN LIESKE,**

> Plaintiff,

> v.

**MORRIE'S BROOKLYN PARK**
**DAEWOO, d/b/a Morrie's Brooklyn**
**Park Used Car & Truck Center; and**
**TODD PERRY, individually,**

> Defendants.

Civil No. 00-2658 (JNE/JGL)

APPEARANCES

Thomas J. Lyons, Esq., on behalf of all Plaintiffs

Gregory J. Johnson, Esq., on behalf of all Defendants

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matters came on for hearing before the

undersigned Chief Magistrate Judge of District Court on June 29, 2004 on

EXHIBIT A

Defendant Brookdale Dodge, Inc.'s, Motion to Amend the Court's Pretrial

Scheduling Order (Doc. No. 49 in Case No. 00-CV-2632) and Defendants

Morrie's Brooklyn Park Daewoo and Todd Perry's Motion to Amend the Court's

Pretrial Scheduling Order (Doc. No. 64 in Case No. 00-CV-2658).  The cases

have been referred to the undersigned for resolution of pretrial matters

pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.  While the present matters

were argued at the same hearing, the cases are not otherwise consolidated.[1]

## I.    INTRODUCTION

These suits arise from disagreements related to the financing of

vehicles purchased from Defendants.  The first matter stems from Plaintiffs

Cheritylee Ann and David Matthew Stevens's ("the Stevens") January 2000

purchase of a vehicle from Brookdale Dodge, Inc., ("Brookdale Dodge").  In an

Amended Complaint filed in November 2001, the Stevens allege two claims

against Defendant Brookdale Dodge under the Truth-in-Lending Act ("TILA"),

15 U.S.C. § 1638(b)(1) and Regulation Z (found at 12 C.F.R. § 226.17).  On

June 21, 2001, the Honorable Susan R. Nelson issued a Pretrial Scheduling

Order in this case.  In pertinent part, the Pretrial Order mandates that "[a]ll

---

[1] Upon request by all parties, the Court agreed to hear these Motions at
the same time and to issue a consolidated Order, as the counsel, presiding
Judge of District Court, and pending issues are identical in both Motions.

dispositive motions shall be served, filed and heard by May 1, 2002." (Order of June 21, 2001 at 2.)

Similarly, the second matter arises from Plaintiff Brian Lieske's purchase of a vehicle in August 2000 from Morrie's Brooklyn Park Daewoo, doing business as Morrie's Brooklyn Park Used Car & Truck Center ("Morrie's"). Lieske alleges claims against Morrie's under the same TILA provisions as used by the Stevens against Brookdale Dodge. A Pretrial Scheduling Order issued by the Honorable Franklin L. Noel on February 23, 2001 sets the dispositive motion deadline in Lieske's matter at December 1, 2001. (Order of Feb. 23, 2001 at 3.)

Defendants in both cases now seek to amend the Pretrial Scheduling Orders so as to allow them to file a motion for summary judgment in each case.

## II.    DISCUSSION

Whereas Federal Rule of Civil Procedure 15(a) mandates that leave to amend pleadings "shall be freely given when justice so requires," modifying a pretrial scheduling order requires a much higher showing of good cause by the moving party. Fed. R. Civ. P. 16(b); D. Minn. LR 16.3; In re Milk Prods. Antitrust Litig., 195 F.3d 430, 437 (8th Cir. 1999). The Court is reminded of the oft-cited quote: "a magistrate judge's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel

- 3 -

without peril." E.g., Luigino's, Inc. v. Pezrow Cos., Inc., 178 F.R.D. 523, 535

(D. Minn. 1998) (internal citations omitted). While prejudice to the

nonmoving party provides a strong reason to deny alteration of the pretrial

schedule, it is not dispositive. Id. Rather, the inquiry turns on a showing of

good cause by the moving party. Id.

   Moreover, Local Rule 16.3(c) requires extraordinary circumstances

to file a motion for an extension of the pretrial schedule once the original

deadlines have expired. See D. Minn. LR 16.3(c) ("Except in extraordinary

circumstances, the motion for extension shall be served and the hearing, if

any, shall be scheduled prior to the expiration of the original pre-trial

schedule deadlines.") Lastly, even if a party makes the necessary showing,

the decision to allow amendment is left to the Court's sound discretion. Fed.

R. Civ. P. 16(b).

   Here, there is no dispute that the original deadlines for dispositive

motions expired years ago. Thus, the appropriate inquiry is whether

Defendants have provided the Court with a showing of extraordinary

circumstances to justify their extremely untimely Motions to amend the

scheduling orders. See D. Minn. LR 16.3(c).

   In its discretion, the Court finds that Defendants have not met

their burden under either the substantive good cause or procedural

extraordinary circumstances standards with respect to either case. See

- 4 -

<u>Archer Daniels Midland Co. v. Aon Risk Serv., Inc.</u>, 187 F.R.D. 578, 584-86 (D. Minn. 1999).  Defendants' arguments rest largely on their assertions that they would prevail on motions for summary judgment if the Court allowed them to so move.  However, Defendants have not adequately explained why they waited more than two years past the dispositive motion deadlines to attempt to bring these particular summary judgment claims, especially given that the factual and legal bases for the proposed motions existed prior to the expiration of the dispositive motion deadlines.  Bearing in mind the high standard imposed by the Local Rules, the Court denies Defendants' Motions.


Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

(1)     Defendant Brookdale Dodge, Inc.'s, Motion to Amend the Court's Pretrial Scheduling Order (Doc. No. 49 in Case No. 00-CV-2632) is **DENIED**; and

(2)     Defendants Morrie's Brooklyn Park Daewoo and Todd Perry's Motion to Amend the Court's Pretrial Scheduling Order (Doc. No. 64 in Case No. 00-CV-2658) is **DENIED**.


Dated: June 29, 2004                    _s/ Jonathan Lebedoff_____
                                        JONATHAN LEBEDOFF
                                        Chief United States Magistrate Judge

- 5 -