Document Number Case Number
571                03-C-0510-C
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
02/07/2005 10:07:43 PM CST

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN
## COURT FILE NO.: 03-CV- 0510 C

Penny Lee Anderson and
Russell D. Anderson, Sr.,


       Plaintiffs,


   -vs-                **AFFIDAVIT OF THOMAS J. LYONS, JR.**
                                **IN OPPOSITION TO DEFENDANT TRANS**
                                **UNION'S SUPPLEMENTAL MOTION**

Trans Union, L.L.C.;                       **FOR SUMMARY JUDGMENT**
Experian Information Solutions Inc.;
CSC Credit Services, Inc.;
Equifax, Inc. d/b/a Equifax Information Services
LLC,

       Defendants.

Thomas J. Lyons, Jr., Esq., being duly sworn and upon oath, deposes and says as follows:

1.     That I am one of the attorneys representing Plaintiffs in the above-entitled matter.  I

submit this Affidavit in opposition to Defendant Trans Union's Supplemental Motion for

Summary Judgment.

2.     That Plaintiffs have duly noticed the deposition of William Stockdale in this case.

3.     That Defendant Trans Union has refused to ever produce William Stockdale for a

deposition in this case.

4.     That attached hereto as Exhibit A is a true and correct copy of a January 19, 2005 email

from Trans Union's counsel G. John Cento to me, in which Trans Union indicates that it

refuses to ever produce William Stockdale for a deposition in this case.

5.     Defendant Trans Union's counsel G. John Cento is under the mistaken impression that an

agreement was reached whereby William Stockdale would be put up for deposition on a

single day in the <u>McKeown v. Trans Union</u> (03-C-0528C) case and that it would also serve as the only opportunity to depose him in the present case.

6.   Specifically, Plaintiff did not make such an agreement with Defendant Trans Union and the record from the <u>McKeown</u> deposition of Stockdale is void of any such stipulation or agreement.

7.   Further, in the <u>McKeown</u> deposition of Stockdale not one question or one exhibit related to the Plaintiffs Anderson was introduced.

8.   Defendant Trans Union has unsuccessfully taken this position in the United States District Court in the District of Minnesota in the case of <u>Schmitt v. Trans Union</u> (03-cv-3295 ADM/AJB)  See Order granting Plaintiff's Motion to Compel (Exhibit B attached hereto) and Transcript from the January 10, 2005 Motion hearing  (Exhibit  C attached hereto).

9.   That in order to thoroughly oppose Trans Union's present motion, Plaintiffs additionally need to take the depositions of  Rule 30(b)(6) representatives of First Data Resources (FDR) and the Credit Data Industry Association (CDIA) and an additional Rule 30(b)(6) representative of Cross Country Bank (CCB) (to answer questions its initial Rule 30(b)(6) representative Edward McKenna could not); and obtain documents, including the carbon copies to Trans Union of CCB's ACDV responses to other CRAs, and  the June 2003 name scans (monthly archived snapshots of Plaintiffs' credit history) for Penny and Russell Anderson that were not produced by Defendant in response to Plaintiffs' First Request for Production of Documents and were omitted from Romanowski depo. Ex. 1.

10.   That through such anticipated discovery and depositions Plaintiffs expect to, inter alia:

- Cross-examine Stockdale on his assertions in his affidavit including, but not limited to, whether CCB was a reliable source of information;
- Discover more specifics of the role FDR played in furnishing information to Trans Union, to show that it might be insufficient that CCB was reliable if FDR was not;

- Discover the nature of any contract between Trans Union and its true furnisher, FDR;
- Obtain specific documentation that Trans Union received carbon copies of CCB's ACDV responses to other credit reporting agencies, to show that Trans Union had notice of CCB's desire to alert Trans Union and the other credit reporting agencies to the fact that the Plaintiffs should not be reported as deceased;
- Obtain confirmation from CDIA, the entity that Plaintiffs understand is responsible for the E-OSCAR system, that ACDV responses are automatically carbon copied to all CRAs, also to show that Trans Union had notice of CCB's desire to alert Trans Union and the other credit reporting agencies to the fact that the Plaintiffs should not be reported as deceased.

11.    That Plaintiffs have been prevented from obtaining such discovery and depositions because of the January 6, 2005 discovery stay ordered by this Court.

12.    That accordingly, pursuant to Fed. R. Civ. P. 56(f), Plaintiffs are presently unable to present by affidavit certain additional facts pertinent to Plaintiffs' opposition to Defendant's Motion.

13.    That, without waiving any right to obtain additional discovery, Plaintiffs nevertheless believe that the evidence presently in the record is more than sufficient to defeat Defendant's Supplemental Motion for Summary Judgment; that, if however, the present record would somehow not be sufficient for Plaintiff to survive Defendant's Supplemental Motion for Summary Judgment, then Plaintiff seeks denial of Defendants' motion pursuant to Fed. R. Civ. P. 56(f) and an opportunity to engage in the additional discovery outlined herein.

FURTHER YOUR AFFIANT SAYETH NOT.

                                                    _____s/Thomas J. Lyons, Jr._____
                                                    Thomas J. Lyons, Jr.

Subscribed and sworn before me
this 7th day of February, 2005.


____s/John H. Goolsby_____
Notary Public

**Sue Wolsfeld**

| | |
|---|---|
| **From:** | G John Cento [GJCento@katzkorin.com] |
| **Sent:** | Wednesday, January 19, 2005 3:28 PM |
| **To:** | swolsfeld@lyonslawfirm.com; Christopher Lane; Tommycjc@aol.com |
| **Cc:** | Lewis Perling; Girvan, Erik J. |
| **Subject:** | RE: Anderson: NOD Stockdale |

Dear Tom:

As I have previously explained, our position is and remains that you have already deposed Mr. Stockdale. Therefore, we object to this Notice and for that reason will not be producing Mr. Stockdale for deposition on February 28th. To the extent any further justification is needed, it also happens that I would not be available for a deposition on February 28th in any event. I will have just returned from oversees on the 27th and, therefore, would not be able to either get to the deposition or prepare the witness.

I again invite you to call me to discuss this matter before making any further attempts to notice Mr. Stockdale's deposition.

Thank you for your cooperation.

G. John Cento, Esq.
KATZ & KORIN, P.C.
The Emelie Building
334 North Senate Avenue
Indianapolis, Indiana 46204
Office: (317) 464-1100
Direct: (317) 615-4235
Fax: (317) 464-1111
E-Mail: gjcento@katzkorin.com

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, you may not read, copy, distribute or take action in reliance upon this message. If you have received this message in error, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. This message may contain information which is privileged, confidential and exempt from disclosure under applicable law, and we do not waive attorney-client or work product privilege by the transmission of this message.

This e-mail and any attachments sent by an authorized user of the KATZ & KORIN, P.C. domain are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened. However, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by KATZ & KORIN, P.C. for any loss or damage arising in any way from its use.



1/25/2005

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

## CIVIL MOTION HEARING

Peggy Marie Schmitt,

                Plaintiff(s),

  v.

Chase Manhattan, et al.,

                Defendant(s).

**COURT MINUTES**

BEFORE: Arthur J. Boylan
U.S. Magistrate Judge

| | |
|---|---|
| Case No: | 03cv3295 ADM/AJB |
| Date: | January 10, 2005 |
| Court Reporter: | |
| Tape Number: | #1 |
| Time Commenced: | 9:00 a.m. |
| Time Concluded: | 9:15 a.m. |
| Time in Court: | 15 Minutes |

**APPEARANCES:**

For Plaintiff:      Tom Lyons, Jr.
For Defendant Trans Union, LLC:    G. John Cento

Interpreter / Language: NA / NA

IF MOTION IS RULED ON PLEASE INCLUDE DOCUMENT NUMBER AND TITLE APPEARING IN CM/ECF.
**ORDER TO BE SUBMITTED BY:**      ☐ COURT   ☒ **PLAINTIFF**   ☐ **DEFENDANT**

Motion to take Rule 30(b)(6) deposition granted on the record [Docket No. 68]

Deposition shall be limited to 2 hours and shall either be conducted in Chicago or by telephone.

Plaintiff counsel to prepare written order.

Motions taken under advisement as of:   NA

☒ ORDER TO BE ISSUED    ☐ NO ORDER TO BE ISSUED  ☐ R&R TO BE ISSUED  ☒ NO R&R TO BE ISSUED

☐ Exhibits retained by the Court    ☐ Exhibits returned to counsel

                                                   s/Paul S.
                                      Signature of law clerk



Template Updated 2/11/04

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### COURT FILE NO.:  03-3295 ADM/AJB

| | |
|---|---|
| Peggy Marie Schmitt, | |
| Plaintiff, | |
| -vs- | **ORDER** |
| Trans Union, L.L.C. et al., | |
| Defendants. | |

The above-referenced matter came before The Honorable Magistrate Judge Arthur J. Boylan for the Plaintiff's Motion to Compel Defendant Trans Union to produce a Rule 30(b)(6) Representative(s) to respond to questions related to the remaining topic areas.

Thomas J. Lyons, Jr., Esq. appeared on behalf of the Plaintiff and G. John Cento, Esq. appeared on behalf of Defendant Trans Union.

The Court having heard the arguments of counsel, being fully advised in the premises and upon all the files, records and proceedings herein, IT IS HEREBY ORDERED, that Plaintiff's Motion to Compel is **GRANTED** and Defendant Trans Union shall  produce William Stockdale for a two-hour deposition at a time and place mutually agreed to by the parties.

DATED:  January 10, 2005

      s/ Arthur J. Boylan
      Hon. Magistrate Judge Arthur J. Boylan
      United States District Court

1

1        UNITED STATES DISTRICT COURT

2           DISTRICT OF MINNESOTA

3   - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

4   Peggy Marie Schmitt,

5               Plaintiff,

6   vs.                          Case No. 03-3295

7   Trans Union, L.L.C, et.al.,

8               Defendants.

9   - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

10

11

12       THE HONORABLE ARTHUR J. BOYLAN

13       United States Magistrate Judge

14

15

16            *    *    *    *

17       TRANSCRIPT OF PROCEEDINGS

18            *    *    *    *

19

20

21

22

23       Date: January 10, 2005

24       Reporter:   Leslie R. Pingley

25

2

```
 1              A P P E A R A N C E S

 2

 3      MR. THOMAS J. LYONS, JR., Attorney at

 4  Law, 342 County Road D, Little Canada,

 5  Minnesota 55117, appeared on behalf of

 6  Plaintiff.

 7

 8          MR. G. JOHN CENTO, Attorney at Law,

 9  334 North Senate Avenue, Indianapolis,

10  Indiana 46204, appeared on behalf of

11  Defendants.

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

3

1        P R O C E E D I N G S

2

3           THE COURT: -- first is Chase

4    Manhattan Bank and others.  Court file

5    is 03-3295. How about in the courtroom?

6           FEMALE SPEAKER: Patricia

7    (Inaudible) representing CSC.

8           THE COURT: Do you want to come

9    up and have a seat at counsel table?

10      And representing plaintiff?

11           MR. LYONS:  Good morning, Your

12    Honor, Tom Lyons, Jr.

13           THE COURT: You have a motion to

14    compel?

15           MR. LYONS: Yes, I do. I

16    wasn't -- I didn't know that it was

17    telephonic, so I apologize if I made

18    some mistake.

19           THE COURT: I'm not sure who

20    scheduled it as such, but I usually

21    don't have a problem with out of town

22    counsel appearing by telephone.

23           MR. LYONS:  Okay.  I will be

24    brief, Your Honor.  This is a case --

25    Peggy Schmitt was reported as deceased

4

1    by several of the credit reporting

2    agencies related to two specific trade

3    lines, Bank One and Chase.

4            THE COURT:  So how long do you

5    think you need this 30(b)(6) depo for?

6    How long would it take?  You have one

7    topic you have to cover with this

8    gentleman?

9            MR. LYONS:  It's two topics.

10           THE COURT: Two topics?

11           MR. LYONS:  And a series of

12   documents.  If I could just explain.

13   TU has produced several hundred pages.

14   When they initially produced these

15   pages they were Bates numbered

16   incorrectly and we have had the same

17   problem with another -- with Ms.

18   Romanowski whose deposition I already

19   took in June now I am going to have to

20   take her deposition again.  There's

21   been no objection by TU.  As a matter

22   of fact, they have agreed to do that,

23   to produce her again, because we have

24   got misnumbered documents, so I am

25   going to take her's again. I would like

5

1     to take Mr. Stockdale's specific to

2     Peggy Schmitt's case and specific to

3     these documents.

4           THE COURT: And you took his

5     deposition in a previous case?

6           MR. LYONS:  In another case.

7           THE COURT: And that's what the

8     argument is about that that deposition

9     in this previous case should be used in

10    this case?

11          MR. LYONS:  Right. That was a

12    40-minute deposition dealing with

13    another plaintiff by the name of Jim

14    McKewen in with another account having

15    to do with Sears and another case where

16    they were reporting somebody as

17    deceased.

18      So to answer to your original

19    question, Your Honor, I would say no

20    more than two, two and a half hours for

21    Mr. Stockdale to answer questions about

22    this case, about Peggy Marie Schmitt

23    and the documents they have produced

24    and that basically is it, Your Honor.

25          THE COURT: How about Mr. Cento,

6

1    tell me about your view of this.

2            MR. CENTO: Okay, Your Honor,

3    this deposition he noted -- he sent us

4    4 30(b)(6) notices way back when in the

5    summer of last year.  All four of these

6    cases that we're talking about and I --

7    we designated three different witnesses

8    to discuss the various topics.  One of

9    the witnesses was Bill Stockdale and we

10   agreed at that time that Bill Stockdale

11   who was being produced to really just

12   talk about the systems and how it works

13   in general with respect to any consumer

14   would only be deposed one time in the

15   McKewen matter.

16           THE COURT: But isn't that what

17   the real issue is is whether or not

18   there was an agreement that it would be

19   a deposition one time or not.

20           MR. CENTO:  That's correct,

21   Your Honor, there is an issue to that

22   because the plaintiff is saying he no

23   longer remembers our deal.  Luckily,

24   and although we have never reduced it

25   to writing, I specifically referenced

7

1    that deposition and the fact that he

2    had taken that deposition for purposes

3    of this case during the -- during a

4    previous deposition in this case and

5    the deposition of Lynn Romanowski.   I

6    specifically told -- I'm sorry, Eileen

7    Little.   As we -- part of the

8    deposition he asked what areas Eileen

9    Little was going to be deposed about,

10   I said A, B and C and specifically told

11   him she would not testify about the

12   areas that were covered by

13   Mr. Stockdale who had already been

14   deposed in McKewen and the plaintiff's

15   counsel make no objection whatsoever at

16   that time and hasn't since.

17        What's happened --

18             THE COURT: But isn't that --

19   you put that in your written response

20   to the motion, but as you say you don't

21   have any written agreement to that and

22   when I'm reading it it's less than

23   clear frankly that there's been an

24   agreement.   I mean that's what you say

25   but I don't hear -- I don't see any

8

1  part of the transcript where Mr. Lyons

2  responded affirmatively that that's the

3  agreement that they have reached or

4  that you negotiated.

5          MR. CENTO: He did not respond

6  affirmatively but nor did he object to

7  what I said.

8          THE COURT: Is this a big deal,

9  that he wants to take a 30(b)(6) of

10  Mr. Stockdale for a couple hours?

11         MR. CENTO:  It is.

12         THE COURT: Why?

13         MR. CENTRO: He has already

14  taken the deposition.  What's happened,

15  Your Honor, is that he realizes now

16  there's questions he should have asked

17  and didn't ask on the topics that he's

18  already questioned about and now he

19  wants to take it again.

20      It's the equivalent of taking

21  someone's deposition and then realizing

22  after you have taken it that you didn't

23  do a great job and so now you want to

24  take another deposition.  That's

25  exactly what he's doing because the day

9

1    that he served me with the notice of
2    deposition that we're arguing about is
3    the day that he took Lynn Romanowski's
4    deposition and throughout that
5    deposition he attempted to ask her
6    questions that should have been asked
7    of Bill Stockdale.  I objected, told
8    him he should have asked Bill Stockdale
9    those questions.
10             THE COURT: Where is that at?
11             MR. CENTO:  I'm sorry?
12             THE COURT: Where's that --
13    where's that colloquy at?
14             MR. CENTO:  That is in a
15    deposition in the Anderson case, one of
16    these four cases that we're talking
17    about when he deposed one of these
18    three witnesses that we're talking
19    about.  Her name is Lynn Romanowski and
20    throughout that deposition he had that
21    problem and not only that, the McKewen
22    matter went to trial and he realized at
23    that point as well that he had not
24    taken a good deposition of Bill
25    Stockdale and so that's all that's

10

1   going on here.  He just didn't take a

2   good deposition and now he wants

3   another bite at the apple.

4           THE COURT: Well, I don't think

5   from my view that there's a rock solid

6   agreement that you can point to.  I'm

7   going to allow the deposition to go

8   forward.  It's going to be limited to

9   two hours.

10      Anything further from the plaintiff?

11          MR. LYONS:  No, Your Honor.

12          THE COURT: Anything further

13   from the defense?

14          MR. CENTO:  Your Honor, the

15   plaintiff has asked that in his motion

16   that the witness be brought to

17   Minnesota.  We object to that.  This

18   witness is in Chicago.

19          THE COURT: Are you going to do

20   it by telephone?

21          MR. LYONS:  I will go to

22   Chicago.  (Inaudible).

23          THE COURT: All right.  Do it in

24   Chicago or do it by telephone.  Okay.

25   Two hours and I am going to grant the

11

1    motion.   Mr. Lyons, you prepare the

2    proposed written order.

3              MR. LYONS:   I will, Your Honor.

4              THE COURT: Oh, thank you.   Bye

5    now.

6                        *    *    *

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1  STATE OF MINNESOTA    )

2                        ) ss.

3  COUNTY OF HENNEPIN    )

4

5          BE IT KNOWN, that I transcribed the

6  electronic proceedings held before The

7  Honorable Arthur J. Boylan on the 10th of

8  January 2005;

9

10          That the proceedings were recorded

11  electronically and stenographically

12  transcribed into typewriting, that the

13  transcript is a true record of the

14  proceedings, to the best of my ability;

15

16          That I am not related to any of the

17  parties hereto nor interested in the outcome

18  of the action;

19

20

21          WITNESS MY HAND THIS 25TH DAY OF

22  JANUARY 2005.

23

24          _____

25                          Leslie R. Pingley

(651) 681-8550 phone    1-877-681-8550 toll free
www.johnsonreporting.com